NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE GUARDIANSHIP OF L.H.

No. 1 CA-JV 24-0154

FILED 12-08-2025

Appeal from the Superior Court in Maricopa County
No. JD43265
The Honorable Melody Harmon, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Department of Child Safety*

Maricopa County Public Advocate's Office, Mesa
By Seth Draper
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Michael J. Brown and Judge Andrew J. Becke joined.

---

**G A S S**, Judge:

¶1   Mother appeals the superior court's order establishing a permanent guardianship for her child, which the superior court entered after mother failed to appear for the permanent guardianship adjudication. Mother's sole argument is she was denied due process because she was entitled to notice of the continued final guardianship adjudication despite having been served with the notice of the initial guardianship hearing, which told her "failure to personally appear in court at the initial hearing . . . , without good cause shown, may result in a finding that [she had] waived [her] legal rights and ha[d] admitted the allegations in the Motion." Father has not appealed.

¶2   Because mother did not object before filing this appeal, the court reviews for fundamental error. *See Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 447 ¶ 37 (2018). Even if the court assumes mother established error, the court affirms because mother establishes no prejudice as a result of the alleged due process violations. *See id.* at 448 ¶ 38 (requiring parent establish prejudice to prevail under a fundamental error review).

**FACTUAL AND PROCEDURAL HISTORY**

¶3   The court views the evidence and draws all reasonable inferences in the light most favorable to affirming the superior court's permanent guardianship order. *Maria G. v. Dep't of Child Safety*, 253 Ariz. 364, 366 ¶ 8 (App. 2022). The court affirms the superior court's findings "unless no reasonable evidence supports those findings." *Id.* (quoting *Jennifer B. v. Ariz. Dep't of Econ. Sec.*, 189 Ariz. 553, 555 (App. 1997)).

¶4   The child's aunt initially filed a private dependency petition when the child was 6 years old. A few months later, the superior court granted the Department of Child Safety's request to substitute in as petitioner, and the Department filed its own dependency petition. The Department served mother with its dependency petition by publication. The superior court accepted the Department's service by publication, but it required the Department to file an Affidavit of Diligent Search and the

Department complied. Over the next few months, mother neither stayed in contact with the Department, maintained consistent contact information, participated in services, nor attended a single hearing. At that point, the superior court found the child dependent as to mother. Mother did not appeal the dependency order.

¶5          Several months later, the Department requested to change the case plan to permanent guardianship, and the superior court granted the Department's request. The superior court set the date for the initial guardianship hearing, and the Department again served mother by publication. Before the initial guardianship hearing, mother contacted the Department. The Department updated mother on the status of her case and again referred her for services.

¶6          Mother had no contact with the Department after the initial guardianship hearing and did not appear for that hearing. The superior court found mother did not have good cause for her failure to appear and said it would "proceed by default." But the superior court did not proceed with the final adjudication against mother on that day because the child's father appeared and contested the guardianship. Instead of moving forward with adjudicating the guardianship as to mother at that hearing, the superior court scheduled a pre-adjudication hearing for 4 weeks later and set the date for the final guardianship adjudication for 4 weeks after that.

¶7          When mother and father both failed to appear for the pre-adjudication hearing, the superior court affirmed the scheduled final adjudication hearing. Mother did not appear for the final adjudication, which was consistent with her past behavior. Father did appear, but he said he no longer contested the guardianship. The superior court then held the final adjudication, after finding "service via publication was previously found as to the mother." Mother's counsel was present, did not object to proceeding in mother's absence, participated in the adjudication, and cross-examined the Department's case manager.

¶8          During the adjudication, the case manager identified a previously undisclosed address for mother, which was not covered in the Department's Declaration of Diligent Search and Unknown Address. Even so, the superior court affirmed the Department's service by publication on mother because the Department did not have the address until after service was complete. Mother's counsel asked about the new address, but counsel still did not object to service or to continuing to proceed in mother's absence.

¶9            The Department's assigned case worker and the evidence showed the Department repeatedly attempted to engage mother, maintain contact with her, and provide her services. Because mother did not maintain contact with the Department, she did not spend any time with the child while the dependency and the guardianship were pending. As a result, mother made no progress at reunification.

¶10          After the adjudication, the superior court found grounds to support the guardianship because ongoing reunification efforts would not be productive and the guardianship would be in the child's best interests. In its final order, the superior court also found, "Mother remains unwilling to parent the child."

¶11          The court has jurisdiction over mother's timely appeal to the guardianship order under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A.1, and 12-2101.A.1.

## DISCUSSION

¶12          Mother argues the superior court had a 1-day window to proceed with the guardianship adjudication based on mother's failure to appear. She argues that window closed when the superior court adjourned the hearing and did not proceed on the day of her first non-appearance after she was served with the Department's motion for permanent guardianship by publication. At that point, mother argues the Department needed to ensure mother received notice of the continued hearings.

¶13          For its part, the Department argues the superior court retained jurisdiction and had the authority to move forward in mother's absence. The Department alternatively argues this court must limit its review to fundamental error because mother did not object to the superior court and mother cannot establish fundamental error because she has shown no prejudice. The Department's alternative argument is correct. Because mother shows no prejudice, the court need not reach her constitutional, statutory, or rule-based issues.

¶14          The superior court has general subject-matter jurisdiction over dependency and guardianship proceedings under A.R.S. §§ 8-871 and 8-872. Because the child is in the Department's custody, Arizona law authorizes the superior court to establish a permanent guardianship if the Department "has made reasonable efforts to reunite the parent and child and further efforts would be unproductive." A.R.S. § 8-871.A.3. The superior court may waive the reasonable efforts requirement if, among other things, the superior court finds reunification "is not in the child's best

4

interests because the parent is unwilling or unable to properly care for the child." A.R.S. § 8-871.A.3(b).

¶15        Mother does not establish any prejudice resulting when the superior court proceeded with the guardianship hearing. The court generally does "not consider issues, even constitutional issues, raised for the first time on appeal." *Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 489 ¶ 20 (App. 2015) (citation omitted). When a parent does not object, the court limits its review to fundamental error. *See Brenda D.*, 243 Ariz. at 447 ¶ 37. "Under fundamental error review, [mother] 'bears the burden to establish that (1) error exists, (2) the error is fundamental, and (3) the error caused her prejudice.'" *Id.* at 447–48 ¶ 38 (quoting *State v. Bearup*, 221 Ariz. 163, 168 ¶ 21 (cleaned up)). The court need not consider the first two elements if the parent makes no showing of prejudice. *Id.* at 448 ¶ 39.

¶16        To establish prejudice, mother must come forward with "evidence that a reasonable judge would have concluded differently than did the [superior court] judge in this case." *Id.* She has not. The record shows mother repeatedly failed to appear, did not engage in services, and told the Department's case manager she agreed to the guardianship. The superior court found further reunification efforts would be futile and the guardianship was in the child's best interests. The record supports those findings and remains unchallenged. Mother does not argue any evidence was inadmissible, the evidence was insufficient to establish the grounds for the guardianship or the best interests findings, or she would have presented testimony or additional evidence to challenge the Department's evidence.

**CONCLUSION**

¶17        The court affirms the order appointing permanent guardians.

